HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE ANN WEST,

    Plaintiff,

v.

RAY MABUS,

    Defendant.

CASE NO. 3:16-cv-05204-RBL

ORDER DENYING APPLICATION TO PROCEED IFP

DKT. #1

THIS MATTER is before the Court on Plaintiff Joe Ann West's application to proceed *in forma pauperis* [Dkt. #1]. West is a former employee of the Puget Sound Naval Shipyard. She claims she and two other co-plaintiffs were retaliated against after filing Equal Employment Opportunity complaints. She alleges that the Navy Secretary's EEO director retaliated against them by refusing to promote and to train them. West asks the Court to allow her to proceed *in forma pauperis* as "agent" of a class of similarly-retaliated-against Navy EEO complainants.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The Court does not deny *in forma pauperis* status lightly, especially where a Plaintiff alleges retaliation for protected EEO activity. However, as a non-attorney, West cannot represent her putative class members. *See Bradvica v. Terhune*, 198 F.3d 253 (9th Cir. 1999) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)) (holding that district court did not abuse its discretion by denying non-attorney plaintiff IFP status because he could not represent class members).

Therefore, West's application to proceed *in forma pauperis* [Dkt. #1] is **DENIED**. She may amend her application to assert her retaliation claim only on her own behalf, or she may pay the filing fee. Either must occur within **30 days** of this Order, or the case will be dismissed.

IT IS SO ORDERED.

Dated this 2nd day of May, 2016.

Ronald B. Leighton
United States District Judge

DKT. #1 - 2